UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAHAAMAD ABDURRAHEEM, et al., | Case No. 1:20-cv-206 |
| Plaintiffs, | McFarland, J.<br>Bowman, M.J. |
| v. | |
| AARON JONES, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiffs Mahaamad Abdurraheem and Lynda Foster, both residents of Cincinnati, Ohio, bring this pro se action against three individuals and the Department of Child Protective Services. By separate Order, Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.    The Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied

that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Analysis of Plaintiffs' Complaint

Plaintiff Mahaamad Abdurraheem alleges that he and Defendant Rolitha Williams of Dayton, Ohio are the parents of a son, Omarion Williams. Mr. Abdurraheem identifies his co-plaintiff, Lynda Foster, as the grandmother of the child. Plaintiff has identified the following four Defendants: Ms. Williams of Dayton, Ohio; Aaron Jones of Lexington, Kentucky; Wanda Jones, an employee of the Kentucky Department of Child Protective Services ("DPS"); and the Frankfort, Kentucky office of the DPS.

In his complaint, Plaintiff alleges that Ms. Williams had a "mental crisis" during which time she was unable to locate Plaintiff, and reached out to a "friend at that time" identified as Defendant Aaron Jones, "to take temporary responsibility of Omarion T.

3

Williams while she went to the hospital for two weeks or more in order to get help." (Doc. 1-1 at 3). According to Plaintiff, Mr. Jones "used that opportunity to commit fraud and take our child…." Plaintiff alleges that Jones deliberately moved "so that I could not serve him the proper court papers to pull him in court and get my son." (*Id.*) Plaintiff further alleges that Defendant "Wanda Fish and the [Kentucky] Child Protective Services broke the law by allowin[g] him to wa[i]ve the blood test" to prove paternity. (*Id.*). As relief, Plaintiff states the following:

> I want my child!
>
> I want $280,000 in cash, gold or land from Aaron Jones!
>
> I am suing Rolitha Williams for .1
>
> I am suing the Child Protective Services for $1,000
> Each day that my child has and is out of my care! Et
> Wand Fish – I want $280,000 in cash, gold and land from Wanda Fish.

(Doc. 1-1 at 4).

Plaintiffs' complaint provides no factual content or context from which the Court may reasonably infer that any of the Defendants violated his rights. *Iqbal*, 556 U.S. at 678. The allegations generally amount to legal conclusions that in themselves are insufficient to give the Defendants or the Court notice of the factual basis for Plaintiffs' claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

In addition, it is clear that Plaintiffs' complaint pertains primarily to domestic relations issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, the state courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United

States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 10 S.Ct. 850 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an independent claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.*, 241 Fed. App'x 285, 287–290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Among those reasons, deficiencies in the factual allegations of the complaint present an insurmountable barrier to jurisdiction. When similar claims have been presented, other federal courts have declined to exercise jurisdiction. *See, e.g., Aitken v. Child Support Enforcement Agency*, 2007 WL 963278 (N.D. Ohio, March 28, 2007) (dismissing under 28 U.S.C. § 1915(e) plaintiff's due process claim based upon allegation that CSEA improperly awarded child support in his absence, when he could not attend hearing).

In short, this Court lacks subject matter jurisdiction over Plaintiffs' claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory allegations are not sufficient - even if they did not merit dismissal under Fed. R. Civ. P.

12(b)(6) - to grant federal jurisdiction. One of the Defendants, the Department of Child Protective Services, appears to be a Kentucky state agency that would be immune under the Eleventh Amendment for the monetary damages that Plaintiff seeks. And Plaintiff provides no conceivable basis for any federal claim against any of the individual Defendants.

Insofar as Plaintiff seeks non-monetary relief, this Court cannot grant the relief Plaintiff seeks-alteration of the state court's child custody order. *See generally Elk Grove United School Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301 (2004) (Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, ... in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206 (1992) (narrowing the domestic relations exception, but affirming its continuing viability). Therefore, to the extent his complaint seeks to alter a custody order of the Kentucky court, it should be dismissed for lack of subject matter jurisdiction. *See McGhan v. Kalkaska County Dep't of Human Servs.*, 2009 WL 2170151 *9 (W.D. Mich. July 20, 2009) ("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings.").

### III. Conclusion and Recommendation

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED with PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of

any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                <u>*s/ Stephanie K. Bowman*</u>
                Stephanie K. Bowman
                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MAHAAMAD ABDURRAHEEM, et al.,          Case No. 1:20-cv-206

    Plaintiffs,                                          McFarland, J.
                                                        Bowman, M.J.
    v.

AARON JONES, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).