**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MAHAAMAD ABDURRAHEEM, et al., | Case No. 1:20-cv-206 |
| Plaintiffs, | McFarland, J. |
| v. | Bowman, M.J. |
| AARON JONES, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

In March of 2020, Plaintiffs Mahaamad Abdurraheem and Lynda Foster, both residents of Cincinnati, Ohio, filed this pro se action against three individuals and the Department of Child Protective Services. Plaintiffs were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Upon *sua sponte* review of the complaint, the undersigned recommended dismissal of the action for lack of subject matter jurisdiction, and alternatively, for failure to state any claim under 28 U.S.C. § 1915(e)(2)(B). (Doc. 5).

The prior Report and Recommendation ("R&R") recommending dismissal, filed on April 1, 2020, informed Plaintiffs that any Objections must be filed within 14 days. When no Objections were filed, the presiding district judge adopted the R&R as the opinion of the Court. (Doc. 6). The case was closed on June 26, 2020. (Doc. 7). Approximately 20 months after the prior R&R was filed, on November 29, 2021, Plaintiff Mahaamad Abdurraheem (but not Ms. Foster) filed a "Motion to Reopen Case." In his motion, Plaintiff suggests that he was unable to timely respond to the R&R within the original 14-day

period[1] because he was sick "for 5 weeks and my diabetes is holding me Prisoner." (Doc. 8 at 1).[2]

Plaintiff's motion to reopen this case should be denied.  For the reasons stated in the prior R&R, this Court lacks subject matter jurisdiction over Plaintiff's claims and he fails to state a claim against any identified defendant.  Plaintiff's alleged illness – allegedly for a period of "5 weeks" – does not excuse his failure to file Objections to the R&R for nearly 20 months after the R&R was filed, nor does it allow him to "reopen" the case more than 17 months after final judgment was entered.  If Plaintiff required extra time for Objections to the original April 1, 2020 R&R, he was required to file a motion to extend the deadline prior to its expiration.   Last, even if considered on the merits, the content of his motion to reopen this case offers no new insights or basis for subject matter jurisdiction in federal court, or for any cognizable federal claim against any Defendant.

**Conclusion and Recommendation**

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to reopen this case be **DENIED**.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

---

[1] Plaintiff's motion states "I was not able able [sic] to reply in **15 days** after the document about this case." (Doc. 8 at 1, emphasis added).  However, as clearly stated in the R&R, Objections must be filed within **14 days**.

[2] A second document filed on the same date bears the case caption and the statement:  "I was sick I could not move because of Cov-19 – Diabetes."  (Doc. 9).   Only the pending motion requires Court action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAHAAMAD ABDURRAHEEM, et al., | Case No. 1:20-cv-206 |
| Plaintiffs, | McFarland, J. |
| v. | Bowman, M.J. |
| AARON JONES, et al., | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).